FILED
SUPERIOR COURT
2012 AUG 31 AM 10: 45
CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JUAN S. MANSOR, JR., ) | DOMESTIC CASE NO. DM0110-10 |
| ) | |
| Plaintiff, ) | **DECISION AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| JESSICA A. MANSOR, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### INTRODUCTION

This matter came before the HONORABLE ARTHUR R. BARCINAS on the 27th day of August, 2012, upon review. Attorney Mark E. Williams represents the Plaintiff, and the Defendant has not yet been served nor made an appearance. The Court now issues the following Decision and Order on the matter.

### DISCUSSION

The issue of personal jurisdiction arises in this case because the Plaintiff has moved for and previously received an order of the Court allowing service upon the Defendant through publication and mailing. Plaintiff has further requested an order regarding child custody, and the issuance of default judgment in his favor on the issues of divorce, division of community assets and debts, and child custody.

**A) Divorce Jurisdictional Issues**

A court must have jurisdiction over a defendant's person, his or her property, or the *res* which is the subject of the suit; further, the defendant must be amenable to and must receive service of process. These are the concepts that embody personal jurisdiction and service. A court may not enter a valid judgment in the absence of the proper exercise of personal jurisdiction after service. Pennoyer v. Neff, 95 U.S. 714, 716 (1877)("said judgment is *in personam*, and appears to have been given without the appearance of the defendant in the action, or personal service of the summons upon him, and while he was a non-resident of the State, and is, therefore, void"); New York Life Insurance Co. v. Dunlevy, 241 U.S. 518, 522–23 (1916); Hansberry v. Lee, 311 U.S. 32, 40 (1940)("It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation . . .to which he has not been made a party by service of process.").

Traditionally, personal jurisdiction was based on the defendant's actual presence within the territorial power of a particular court. However, in more recent jurisprudence, the defendant need only have sufficient contacts with the forum so that the maintenance of a suit against him or her in a jurisdiction does not "offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The purpose of the minimum contacts test "is to protect a defendant from the travail of defending in a distant forum, unless the defendant's contacts with the forum make it just to force him to defend there." Phillips Petroleum Company v. Shutts, 472 U.S. 797, 807–808 (1985).

In addition to establishing minimum contacts (or jurisdiction over the *res* of the suit), before a court may exercise its power of personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts

jurisdiction over the person of the party served." <u>Mississippi Publishing Corp. v. Murphree</u>, 326 U.S. 438, 444–45 (1946); *see also* <u>Robertson v. Railroad Labor Bd.</u>, 268 U.S. 619, 622–23 (1925).

Prior to 1993, three prerequisites needed to be satisfied before a court could exercise personal jurisdiction over a non-resident defendant; 1) a constitutionally sufficient relationship must exist between the defendant and the forum; 2) a basis for the defendant's amenability to service of summons must exist; and 3) the procedural requirement of service of summons must be satisfied by notice to the defendant. <u>Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.</u>, 484 U.S. 97, 103–104, and n.6 (1987).

In 1987, in <u>Omni Capital International v. Rudolf Wolff & Company, Ltd.</u>, the Supreme Court held that international service on a foreign defendant under the Commodities Exchange Act, which was silent on service in a foreign country at the time, was ineffective under former Rule 4(h), due to lack of amenability to service. The Court held:

> [B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant. Thus, under Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction.

<u>Id</u>. at 104–105.

"Amenability," therefore, means the existence of an explicit federal provision for international service or the existence of a state long-arm statute which authorizes such service. *See* <u>Id</u>.; and <u>Mwani v. bin Laden</u>, 417 F.3d 1, 8–9 (D.C. Cir. 2005).

However, "amenability" to service, even for foreign residents, has been substantively eliminated as an issue in cases under the Federal Rules of Civil Procedure, because in 1993, the

Advisory Committee on Civil Rules replaced the former Federal Rule Rule 4(i) with what is now Rule 4(f). Subdivision (f) of Rule 4 is a comprehensive provision for service of a summons and complaint on individuals residing in a foreign country. The history of the rule, the Practice Notes and the 1993 Advisory Committee Notes indicate that the new Rule 4(f) was drafted in response to the United States Supreme Court's decision in Omni Capital International, such that its enactment would nullify Omni's amenability requirement that there be explicit authorization by state or federal law for service outside the United States. According to the Note of the Advisory Committee: "[g]iven the substantial increase in the number of international transactions and events that are the subject of litigation in federal courts, it is appropriate to infer a general legislative authority to effect service on defendants in a foreign country." Advisory Committee on Civil Rules, Note to Subdivision (f) (1993). The texts of Rule 4(f) and (k) facilitate the use of state long-arm statutes to assert jurisdiction over defendants who cannot be served under state law, but who can be constitutionally subjected to the jurisdiction of a particular court through minimum contacts or the physical location of subject property, by legislatively authorizing service on those individuals.

Because the Guam Rules of Civil Procedure are directly derived from the 2003 Federal Rules of Civil Procedure, federal cases interpreting the rules constitute highly persuasive authority in Guam. People v. Diaz, 2007 Guam 3 ¶ 14, n.4. Therefore, since the 1993 amendment to the Federal Rules of Procedure and Guam's adoption of these amended rules, including Rule 4(f), in order to establish that the Superior Court of Guam has jurisdiction over a particular defendant the Plaintiff must show through its pleadings or other evidence: 1) that service of process has properly been effected; and 2) that there is a constitutionally valid basis for the exercise of personal jurisdiction by the Court.

A default judgment entered against a defendant who fails to appear cannot be enforced if the court has never established jurisdiction over the defendant through service. Bixler v. Foster, 596 F.3d 751, 761–62 (10th Cir. 2010). More significantly, a default judgment obtained against a resident of a foreign nation who is not properly served under Rule 4(f) is void for lack of personal jurisdiction and must be vacated. Shenouda v. Mehanna, 203 F.R.D. 166, 171–72 (D. N.J. 2001). The Supreme Court of Guam has adopted these concepts with regard to divorces in Guam, stating: "[w]hen it is found that there has been defective service of process, the judgment is void . . . .'" Pineda v. Pineda, 2005 Guam 10 ¶ 19 (quoting In re Cossio, 163 B.R. 150, 154 (B.A.P. 9th Cir. 1994) (citation omitted)).

A court has an affirmative duty to *sua sponte* examine its jurisdiction over the parties when an entry of judgment is sought against a party who has failed to plead, appear, or otherwise defend against the action, to ensure that it does not enter a void judgment. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001); *accord* Mwani v. bin Laden, 417 F.3d 1, 6 (D.C. Cir. 2005); Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp., 115 F.3d 767, 772 (10th Cir.1997); *see also* Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp., 619 F.3d 207, 213–14 (2d Cir. 2010); and In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). A failure to serve process will lead to a dismissal of the action; however, the court should not resolve the question without first giving the plaintiff an adequate opportunity to assert facts establishing the court's jurisdiction over the defendant. In re Tuli, 172 F.3d 707, 713 (9th Cir. 1999). The plaintiff bears the initial burden of establishing jurisdiction, but the court "ordinarily demands only a prima facie showing of jurisdiction by the plaintiff[ ]." Mwani v. bin Laden, 417 F.3d 1, 6–7 (D.C. Cir. 2005).

The Plaintiff's verified complaint and declaration submitted in support of an order granting notice through publication and mailing are deficient in substantial respects regarding this *prima facie* showing that personal service has been effected. Rule 4(e) of the Guam Rules of Civil Procedure requires that *if* a person against whom an action is filed is a resident of Guam or any other jurisdiction of the United States, they must be served either: (1) under the laws of Guam; (2) "as prescribed by the law of the place where the person is served;" or (3) in person, or at his residence by leaving it with a household member of suitable age, or by serving the person's agent. GRCP Rule 4(e)(2012). However, if the Defendant is not a resident of Guam or any jurisdiction of the United States, then personal service must be made under GRCP Rule 4(f), and may no longer be made "in any manner prescribed or authorized by the laws of Guam," as permitted under GRCP Rule 4(e)(1), but instead must be made in conformity with GRCP Rule 4(f).

Further, if the Defendant is a resident of a foreign country, "whether a judicial judgment [against the foreign defendant] is lawful depends on whether the sovereign has authority to render it." J. McIntyre Machinery, Ltd. v. Nicastro, ___ U.S. ___, 131 S.Ct. 2780, 2789 (2011). In the case of the assertion of personal jurisdiction over a foreign defendant, "personal jurisdiction requires a forum-by-forum, or sovereign-by-sovereign, analysis. The question is whether a defendant has followed a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." Id.

A person in a foreign jurisdiction "may submit to a State's authority in a number of ways." Id. at 2787. These ways include: 1) explicit consent; 2) physical presence within a State for personal service of process under that State's laws; 3) citizenship, domicile or residence for

individuals, of place of business for corporations; 4) the purposeful availment of the laws of the forum; and 5) minimum contacts. Id.

In order to analyze whether a non-resident person is subject to the State's authority (in this case, Guam's authority) the Court requires a *prima facie* showing of some facts which would support a finding of one of the five aforementioned ways of submitting to the State's jurisdiction. In this case, the original Order for Publication, signed by the Court on May 6, 2010, and all subsequent orders permitting service by publication were unsupported, because there was no motion made, and the affidavit and verified complaint in this case fail to set forth facts to show that any of the five ways of exercising personal jurisdiction would be proper. Neither do any of the factual allegations of the verified complaint or other documents allow the Court to make a valid determination of jurisdiction. There are no allegations of the residency of the Defendant, whether in a jurisdiction of the United States or a foreign country, which would allow the Court to determine whether the Defendant is amenable to service under Rule 4(f), and whether the Defendant may be served under Guam law or foreign law. Further, because no residency of the Defendant is plead or proved, nor any activity of the Defendant in Guam, the Court cannot determine the existence of the Court's statutory or long-arm jurisdiction over the Defendant, either through minimum contacts, or the *res* of the marriage, after proper service, to thus subject the Defendant to judgment in Guam.

1) No Residency of the Defendant is Pled or Proved in order to Allow the Court to Determine the Proper Method of Service on the Defendant

The Plaintiff's verified complaint and affidavit submitted in support of service by publication and mailing are deficient for lack of allegations of the residency of the Defendant, which would thereby allow the Court to determine whether a cause of action by which the Court

has jurisdiction over the Defendant exists, and what the proper form and manner of service should be. In order for the Court to properly allow service by publication and mailing, it has to appear from either the verified allegations of the complaint or the affidavit in support of service by publication and mailing that a cause of action which may be brought in the Superior Court of Guam exists against the Defendant. First, the affidavit of the Plaintiff is silent as to whether the Plaintiff has a proper cause of action against the Defendant in Guam. Next, the complaint itself fails to factually allege that a cause of action exists against the Defendant over which this Court has long-arm jurisdiction. Finally, there are no allegations which would lead the Court to believe that the Defendant is subject to service of process through publication and mailing under the laws of Guam. In fact, the factual declarations made by the Plaintiff lead the Court to the opposite conclusion, i.e., that Defendant is a resident of a foreign country, and is therefore, not amenable to service of process through publication and mailing under Guam law.

GRCP Rule 8(a)(1), entitled "General Rules of Pleading," requires every complaint to set forth all jurisdictional bases for the claims contained therein, stating, "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross claim, or third party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." GRCP Rule 8(a)(1). CVR 10.1 of the Local Rules of the Superior Court of Guam specifically requires that the complaint "shall state in a separate paragraph entitled "jurisdiction" the statutory or other basis for jurisdiction *and the facts supporting jurisdiction.*" CVR 10.1 (2012) (emphasis added). The Verified Complaint for Divorce is utterly devoid of any factual allegations as to the Superior Court of Guam's jurisdiction over the Defendant, thus failing to meet the minimum requirement of GRCP Rule 8 and CVR 10.1.

The Verified Complaint for Divorce also fails to meet the minimum jurisdictional requirement of 19 GCA § 8319, by failing to plead and prove the residency of the Defendant. "Residency must be pled and proved in *all* divorces or other actions for dissolutions of marriage." 19 GCA § 8319(a) (2012) (emphasis added). More importantly, "[i]n actions for dissolution of marriage, neither the domicile nor residence of the husband shall be deemed to be the domicile or residence of the wife. For the purposes of such an action, each may have a separate domicile or residence *depending upon proof of the fact and not upon legal presumptions.*" 19 GCA § 8319(a) (emphasis added).

The Verified Complaint for Divorce is conspicuously silent in this regard. The complaint merely claims that the Court has jurisdiction over this action because the Plaintiff is a resident of Guam under 19 GCA § 8318, without reference to the Defendant's residence, or the Court's jurisdiction over her. This allegation ignores the residency pleading requirement of the very next statute, 19 GCA § 8319. Defendant's residency is not plead as required under 19 GCA § 8319(a) and GRCP Rule 8(a)(1), and the Court cannot presume her residency in Guam, or anywhere, under 19 GCA § 8319(a). Due to the declarations of the Plaintiff stating that the marriage occurred in the Philippines, and that the Defendant's last known address is in the Philippines, the Court cannot even be assured that the Defendant is a resident of a jurisdiction of the United States, and therefore subject to service under the laws of the United States and Guam.

Plaintiff must not only plead residency, but must also prove the Defendant's residency, wherever situated. Even in a consented divorce action, the Plaintiff must still plead and prove the residency of the Defendant: "[a]llegations and proof of residence or other compliance with the requirements of § 8318 of this Chapter *shall be pled and proved* in any divorce or

dissolution of marriage granted upon the consent of the Defendant." 19 GCA § 8319(a)(emphasis added). The closest the Plaintiff comes to referencing the Defendant's residency is in the Affidavit in Support of Publication by Summons, wherein he claims that the "last known address of the Defendant is: Block 9, Lot 22 Palo-Alto Highland 1 Calamba Laguna, Philippines." Mansor v. Mansor, Domestic Case No. DM0110-10, Aff. of Juan Mansor, Jr. in Support of Publication of Summons, ¶ 3 (filed April 29, 2010).

If the Defendant is a resident of the Philippines, then service authorized by the laws of Guam, including publication and posting under 7 GCA § 14106 and GRCP Rule 4(o) are not applicable, as later discussed in this opinion, and service would need to be effected under GRCP Rule 4(f).

Next, the Plaintiff's complaint also fails to plead consent. 19 GCA § 8319(b) states:

> All consents to a divorce or dissolution of marriage must be acknowledged or verified before a notary public or other officer authorized to administer oaths within the United States if signed in the United States, acknowledged or verified before a consular officer of the United States or other United States official authorized to take oaths if signed outside the United States, or have a notarized acknowledgement or verification by a foreign notary which is authenticated by a United States consular officer.

19 GCA § 8319(b)(2012).

The Plaintiff's complaint does not contain any allegation that the Defendant has consented to this divorce action. Failing any averment of consent, the Court's file is similarly devoid of any verified or notarized acknowledgment of consent from the Defendant.

Finally, and perhaps most tellingly, 19 GCA § 8319(a) states that even in consent divorce cases, "[t]he Superior Court of Guam *is not presumed to have jurisdiction over any action for divorce or dissolution of marriage* which may be filed in the Superior Court of Guam because the Defendant consents." 19 GCA § 8319(a) (emphasis added). There is no

presumption of jurisdiction even where a defendant properly consents, and accordingly, there is no presumption of jurisdiction where the defendant is not present or does not consent. The Court must independently find jurisdiction in each case. On this basis, it is apparent that in order for the Court to properly exercise personal jurisdiction over the Defendant and the action for divorce, she must be a resident of Guam, *see* 19 GCA § 8319, or she must consent to the action, *see* 19 GCA §§ 8318(b) and 8319(a) and (b), or the Court must find that the Defendant has minimum contacts with the jurisdiction, *see* 7 GCA §§ 14109 and 14110.

The Plaintiff's Verified Complaint for Divorce is conspicuously silent in all regards concerning the jurisdiction of the Superior Court of Guam over the Defendant. Even if the Court disregards the Plaintiff's failure to plead and prove any residency of the Defendant, the Plaintiff has omitted the filing of any declaration, affidavit, or other sworn statement containing evidence proving any grounds for the exercise of jurisdiction over the Defendant.

Plaintiff neither pleads nor proves that the Defendant was a resident of Guam or any other place, nor that the Defendant has consented to the divorce. The requirement of either consent or proof of residency of a defendant in a divorce case initiated in Guam is not merely a formality, but rather, an extremely important safeguard, so that the Court may properly find jurisdiction, and may apply the proper laws regarding service.

In the case of Rinehart v. Rinehart, 2000 Guam 14, the Supreme Court of Guam expressed concerns regarding abuse of the Guam legal system by resident spouses against non-resident spouses, which it found, creates an opportunity "in which on-island spouses could tamper with the legal rights of off-island spouses." Id. at ¶18. Validating the Supreme Court of Guam's concern, and in violation of the statutory safeguards set by 19 GCA § 8319, the Plaintiff has entirely failed to provide the Court with any admissible evidence regarding the

Defendant's residency or consent to this divorce action. The Plaintiff fails to even suggest that the requirements of 19 GCA § 8319(a) have been met, in any document filed.

The Court finds that the Plaintiff has failed his burden to plead and prove the residency of the Defendant, so that the Court may determine the applicable law, and has failed to demonstrate the personal jurisdiction of the Superior Court of Guam over the Defendant. Based upon the proof of the facts provided to the Court, the Court declines to find it has jurisdiction to hear the action, as the Defendant is most likely not a resident of Guam, and has not consented to this action, unless minimum contacts exist between the Defendant and Guam, by which the Court may exercise personal jurisdiction over her, as discussed later in this opinion. *See, e.g.*, Mariano v. Surla, 2010 Guam 2, at ¶¶ 23–29.

In fact, nearly all of the allegations of the complaint and the affidavit filed, which touch on the subject of the Defendant's actual residence, hint that the Defendant is probably a resident of the Philippines, and not a resident of a United States jurisdiction. The complaint states that the parties were married in "Antipolo City, Philippines," in 1998. Mansor, Verified Complaint for Divorce, ¶ IV (a) and (b) (filed February 19, 2010). The supporting affidavit then states that the "last known address of the Defendant is: Block 9, Lot 22 Palo-Alto Highland 1 Calamba Laguna, Philippines." Id., Aff. of Juan Mansor, Jr. in Support of Publication of Summons, ¶ 3 (filed April 29, 2010). It seems most likely that the Defendant is not, nor has ever been, a resident of a United States Jurisdiction.

Rule 4(e)(1), allowing for service of process through publication under statute, is only applicable where the defendant resides in a jurisdiction of the United States. Elisan Entertainment, Inc. v. Suazo, 206 F.R.D. 335, 335–38 (D. Puerto Rico 2002). "[W]hile it is true that the current Fed.R.Civ.P. 4(e)(1) permits the use of state law to perform extraterritorial

service, by its own terms, its usage is strictly limited to service upon individuals within 'any judicial district of the United States.'" Id., at 336. Service of process on foreign residents "must be made pursuant to Fed.R.Civ.P. 4(f)." Id. There is a special procedure for serving residents of foreign nations under Rule 4(f):

> [W]hen a party seeks to serve process on an individual residing in a foreign country, the Court must follow this two (2) prong test: first it must ascertain whether the foreign country in which the party to be served is residing has entered into any international agreement with the United States, such as the Hauge(sic) Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters of November 15, 1965, which is specifically mentioned by Rule 4(f)(1). If there is no applicable internationally agreement which might provide a reasonable means of service, then the party serving process must do so using one of the several methods provided by subsection (f)(2).

Id.

If the Defendant is not, nor has never been a resident of Guam, and is, in fact, a resident of the Philippines, as indicated by the allegations of the verified complaint and the affidavit, then: 1) 7 GCA § 14106 is not applicable; and 2) service under GRCP Rule 4(f) would need to be effected as a precursor to the exercise of personal jurisdiction over the Defendant, as no evidence that a waiver has been obtained from the Defendant has been provided to the Court by the Plaintiff. Id.

The Philippines is not a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters, and it is not apparent that it is a party to any other treaties or international agreements regarding service with the United States. GRCP Rule 4(f)(1) is not applicable in such an instance. Therefore, if the hinted allegations that the Defendant is a resident of the Philippines are true, it appears that the Plaintiff will be required to comply with other subsections of Rule 4(f), which require service under the laws of the foreign country in which the Defendant resides, rather than U.S. laws. *See*

id. at 338 (since Dominican Republic is not signatory nation of Hague Convention and United States does not have applicable international agreement with Dominican Republic, plaintiff was required to provide service of process on defendant using method provided by Rule 4(f)(2), and service of summons by publication as permitted under Rule 4(e)(1) was denied as inapplicable and ineffective). There are no exceptions to these foreign service requirements, and the Court may not apply its own local laws to override international law. *See, e.g.,* Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988) (compliance with the service requirements of the Hague Convention under Rule 4(f) is mandatory when serving a foreign defendant in a signatory country); and Societe Nationale Industrielle Aerospatiale v. United States District Court, 482 U.S. 522, 534 n. 15, (1987).

Perhaps most importantly, if the Defendant is a resident of the Philippines, Rule 4(l) regarding proof of service, contains a special provision for proving foreign service, specifically requiring that if process is served in a foreign country by any of the methods described in Rule 4(f)(2) or Rule 4(f)(3), the proof of service must include a receipt signed by the addressee or other tangible evidence of delivery to the addressee showing compliance with the law of the receiving country which is satisfactory to the court. GRCP Rule 4(l) (2012) ("Proof of service in a place not within Guam or any other jurisdiction of the United States, its territories, commonwealths, or possessions shall, . . .if effected under paragraph (2) or (3) thereof, include a receipt signed by the addressee or other evidence of delivery to the addressee satisfactory to the court."). For the obvious reason that a foreign Defendant will usually not be present in the forum jurisdiction, this requirement is intended to assure the Court that the process was properly served in the foreign country. Only upon the provision of this proof of service may the Court be assured that it may properly exercise personal jurisdiction over the foreign Defendant.

The Court currently has no proof of residence, and no proof of service under Philippine law if the Defendant is a resident of the Philippines. Until the Plaintiff complies with Rule 8(a), CVR 10.1, and 19 GCA § 8319(a), and provides the Court with the Defendant's place of residence, the Court will be unable to determine whether the Defendant is subject to 7 GCA § 14106, and service under the laws of Guam, or service under Rule 4(f) and the laws of a foreign jurisdiction. The Court will further be unable to determine whether proper service is thereafter effected under the correct and applicable laws, *see* Rule 4(f) and (1), and thereby determine if it has acquired personal jurisdiction over the Defendant in order to enter a valid judgment.

The affidavit and the verified complaint fail to establish the Defendant's residency GRCP Rule 8(a) such that the Court may determine the appropriate method of service, whether under Rule 4(e) and 7 GCA § 14106 (if applicable), or Rule 4(f), and thereby, through proper service, establish the Court's jurisdiction over the Defendant. Because residency of the Defendant has not been established, at this time, the Court must DENY the request for default judgment and VACATE the orders permitting service on the Defendant by substituted service, i.e., publication, posting, or mailing of the summons.

2)      Deficiency of Underlying Affidavit in Support of Order Allowing Service by Publication

Even if the Defendant is a resident of a United States jurisdiction, including Guam, and therefore, may be subject to any service allowed under Guam law or U.S. law under GRCP Rule 4(e)(1), the version of GRCP Rule 4 which is currently in effect only allows for service through publication and mailing as permitted by statute or court order. GRCP Rule 4(o)(2012). 7 GCA § 14106 is the controlling statute, and specifically allows for service by publication and mailing instead of personal service under GRCP Rule 4(e)(1) or (2), only when an application is made

to the Court upon a verified affidavit (or declaration, *see* 6 GCA § 4308) swearing either that the person "has departed from Guam . . .or conceals himself to avoid the service of summons" and that "a cause of action exists against the defendant." 7 GCA § 14106 (2012). It states in relevant part:

> (a) *Where the person on whom service is to be made has departed from Guam,* and cannot, after due diligence, be found in Guam, *or conceals himself to avoid the service of summons* . . . and the fact appears by affidavit to the satisfaction of the court, or a judge thereof, *and it also appears by such affidavit, or by the verified complaint on file, that a cause of action exists against the defendant in respect to whom the service is to be made* . . . such court or judge may make an order that the service be made by the publication of the summons and by mailing the complaint and summons. (b) Service by mail shall be by any kind of U.S. Postal Service delivery that provides for written proof of mailing, written proof of delivery and restricted delivery to the addressee only.

Title 7 GCA § 14106 (emphases added).

Service by publication and mailing under 7 GCA §14106 is only available in lieu of personal service under GRCP Rule 4(e), and first requires an affidavit or verified complaint swearing, or declaring under penalty of perjury, not only that the Defendant cannot be found in Guam, but either: 1) both that the Defendant "has departed from Guam" AND "cannot . . . be found in Guam;" or 2) that the Defendant has concealed himself/herself "to avoid the service of summons . . . ." 7 GCA § 14106. Both of these options are carefully worded to indicate to the Court that the Defendant is attempting to avoid service, not merely that a defendant does not live in Guam or is not present in Guam.

In fact, under the specific language of 7 GCA § 14106, publication and mailing are to be utilized only when, "after due diligence" it is apparent that the party to be served "has departed Guam" or "conceals himself to avoid service of the summons, . . . ." 7 GCA § 14106. Like the statute at issue in Goetz v. Synthesys Technologies, Inc., 415 F.3d 481, (5th Cir. 2005), "under the plain text of the statute, a plaintiff is required to exercise 'due diligence' to complete service

. . . ." Id., at 483 ("Nail and mail" substituted service, i.e., service through posting and mailing, as authorized under state statute, was improper for lack of due diligence when the plaintiff failed to make even a single attempt at personal service at a known residence belonging to the defendant); *see also* Bland v. Fairfax County, Va., 275 F.R.D. 466, 470 (E.D. Va. 2011) ("This is an example that where the rules favored personal service to the exclusion of other methods, the rules say so."); and Moreland v. Dorsey Thornton and Associates LLC, No. 10–CV–867, 2010 WL 5463333, *3 (E.D. Wis. December 29, 2010) (citing Wis. Stat. 801.11(5)(b)) ("if with reasonable diligence a defendant cannot be served by the means set forth above then a summons may be served . . . by publication and mailing."). It is clear from the language of 7 GCA § 14106 that other methods of service are preferred to service by publication and mailing, and a party must exercise "due diligence" prior to seeking an order permitting service under this statute. In accordance with this language, service by publication and mailing under 7 GCA § 14106 is only available as an option of last resort, when a defendant has fled Guam or is hiding somewhere in Guam to avoid service.

"Due diligence" means prior attempts at personal service in a manner designed to give actual notice, i.e., attempts made at a "known address" of the defendant. Interpreting the former California Code of Civil Procedure § 412, from which 7 GCA § 14106 is directly derived, the Supreme Court of California found that the first step in showing "diligence" in requesting service by publication is the filing of a prescribed affidavit showing in detail the probative facts indicating a thorough search to locate the defendant, including the dates of any attempts to serve the defendant by another method of service at the defendant's address; thus, an affidavit which did not include this information was "fatally defective in failing to show with accuracy the efforts made to serve defendant with summons." Kahn v. Matthai, 115 Cal. 689, 692, 47 Pac.

698, 699 (Cal. 1897); *see also* Chapman v. Moore, 151 Cal. 509, 513–14, 91 P. 324, 325–26 (Cal. 1907); Rue v. Quinn, 137 Cal. 651, 655–57, 66 P. 216, 217 (Cal. 1902); and Forbes v. Hyde, 31 Cal. 342, 350 (Cal. 1866).

In accordance with the due process clause, the Court finds that it is improper for a party to make a request for service by publication and mailing on a party whose residence or domicile is known, prior to exercising due diligence to serve the party by other means reasonably calculated to give actual notice, such as personal service. In this case, from the allegations of the verified complaint and affidavit, it is apparent that the Plaintiff has not attempted personal service in a manner designed to give the Defendant actual notice of the proceedings. Although Plaintiff allegedly is aware of the Defendant's last known address in the Philippines, no attempt at personal service at this particular address has ever been made in this case. *See* Goetz, 415 F.3d at 485 ("due diligence is absent where the plaintiffs have failed to make any attempts to perform service at known addresses."); and Trackman v. Kenney, 187 Cal.App.4th 175, 185 (Cal.App.3.Dist. 2010) ("Ordinarily, . . . two or three attempts at personal service *at a proper place* should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.")(emphasis added). The Plaintiff fails to indicate that any attempts at personal service have been made, even at the Defendant's known address in the Philippines. This does not suffice. Thus, the Plaintiff has improperly made a request for service by publication and mailing before exercising due diligence.

Service by publication and mailing under 7 GCA§ 14106 is only available as an option of last resort, when a defendant has fled Guam or is hiding to avoid service.

Regarding the Defendant's "depart[ure]" from Guam, the Affidavit of the Plaintiff does not even contain a recitation of the language of the statute. No factual allegations that the

Defendant has ever resided in Guam and thus, has ever "departed from Guam" are present. Nor are there any allegations that the Defendant has ever been to Guam, or would ever have been subject to service in Guam, and thus, that the Plaintiff's request for service by publication and mailing is reasonable, or meets the due diligence standard. The Court finds the absence of any accompanying information regarding the Defendant's previous presence in and flight from Guam, or subjection to service in Guam, inadequate to support the issuance of an order for publication and mailing under 7 GCA § 14106.

Regarding the Defendant's "concealment" from service, Plaintiff's affidavit is also completely silent. In Kahn v. Matthai, interpreting the former California Code of Civil Procedure § 412, direct forerunner to 7 GCA § 14106, service by publication was originally permitted by the trial court on the ground that the defendant was seeking to conceal herself to avoid the service of the summons, however, on appeal, the judgment was overturned by the Supreme Court of California, on the basis that the affidavit did not have any tendency to show that the defendant had departed from California or was concealing herself from service, and thus, the affidavit was insufficient. Id. at 692–93.

Service by publication and mailing is not to be lightly granted, nor lightly treated under 7 GCA § 14106, as it is permitted only in the alternative that personal service pursuant to GRCP Rule 4(e) or (f) cannot be made because of the Defendant's actions. GRCP Rule 4(e)(1) and (2) and Burchett v. City of Newport Beach, 33 Cal.App.4th 1472, 1477 (Cal. App. 4 Dist. 1995)(failure to effect or even attempt personal service prior to attempting substituted service was improper, and deprived court of personal jurisdiction over defendants). The affidavit must be in proper form in order for the Court to grant the order for publication and acquire jurisdiction over the defendant. Forbes v. Hyde, 31 Cal. 342, 350 (Cal. 1866). "If either of these

facts does not appear by affidavit, the court or judge has no jurisdiction to make the order, and an order made thereon will be insufficient to sustain a judgment based upon such service." <u>Rue v. Quinn</u>, 137 Cal. 651, 656, 66 P. 216, 217 (Cal. 1902).

The Plaintiff's affidavit fails to allege the minimum requirements for the issuance of an order for service by publication and mailing. The affidavit neither declares that the Plaintiff has attempted personal service at the Defendant's known address prior to seeking publication, nor that the Defendant has ever resided in Guam, nor that the Defendant has ever concealed herself to avoid service under GRCP Rule 4(e) or (f). A declaration that a person is not present in Guam, without more, does not satisfy the requirements of 7 GCA § 14106. Plaintiff's affidavit further fails to allege that personal service pursuant to GRCP Rule 4(e)(1) or (2) or (f) was attempted or was not possible in this case.

Accordingly, the affidavit and the verified complaint fail to establish the facts required under 7 GCA § 14106 (if applicable). The previously granted orders allowing service through publication, posting, or mailing are therefore VACATED, and the Court further DENIES any request by the Plaintiff in this case for an order permitting service under 7 GCA § 14106 which is made prior to any attempt at personal service at a known address of the Defendant.

<u>3) Jurisdiction Over the "Res" of the Marriage Requires Service</u>

Again, because the Plaintiff has failed to plead or prove the residency of the Defendant in any United States jurisdiction or even any foreign jurisdiction, the Court is unsure whether the Defendant is a Guam resident or non-resident. The Court can only surmise, based upon the absence of allegations regarding the Defendant's residency, the allegations of the place of the marriage, and the allegations regarding the Defendant's "last known address" that the Defendant

is, most likely, not a resident of Guam, and is more likely a permanent resident of a foreign country, i.e., the Philippines.

Each state may define the contours of its own exercise of personal jurisdiction over non-resident defendants, particularly with regard to divorces. Under the holding of Williams v. North Carolina, 317 U.S. 287 (1942) ("Williams I"): 1) each state may choose, within its own borders, whether to exercise limited jurisdiction over the marriage relation and over non-resident defendants; and 2) after legislating the exercise of jurisdiction, the state may exercise this jurisdiction, so long as there is no "constitutional barrier" imposed by lack of service, i.e., the form and nature of "service meet the requirements of due process." Id. at 298–99.

There was a second determination of the Williams case, in Williams v. North Carolina, 325 U.S. 226 (1945) ("Williams II"), in which the Supreme Court upheld Williams' conviction for bigamous cohabitation in North Carolina, notwithstanding the fact that a Nevada court had granted him a divorce, because there was proof that the Nevada court had no jurisdiction to enter the divorce decree originally, and that the issues in the Nevada court had not been "litigated in a truly adversary proceeding." Id. at 229–30, and n.6. Williams I was next succeeded in Estin v. Estin, 334 U.S. 541 (1948), again analyzing the extent of Nevada's divorce jurisdiction, and upholding the divorce status, but dissolving all other aspects of the divorce decree on the basis of lack of personal service. Id. at 549. "We can put to one side the case where the wife was personally served or where she appears in the divorce proceedings. Cf. Yarborough v. Yarborough, 290 U.S. 202, 54 S.Ct. 181, 78 L.Ed. 269; Davis v. Davis, 305 U.S. 32, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518; Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087; Coe v. Coe, 334 U.S. 378, 68 S.Ct. 1094. The only service on her in this case was by publication and she made no appearance in the Nevada proceeding." Id. at 544. "The Nevada

decree that is said to wipe out respondent's claim for alimony under the New York judgment is nothing less than an attempt by Nevada to restrain respondent from asserting her claim under that judgment. That is an attempt to exercise an *in personam* jurisdiction over a person not before the court. That may not be done." Id. at 548–49. Estin was itself succeeded in Burnham v. Superior Court of California, County of Marin, 495 U.S. 604 (1990), wherein the Supreme Court of Guam upheld a decree of divorce granted against the Petitioner in California, in contravention of his first filed action for divorce in New Jersey, where the Petitioner was properly served in person while he visited California, but "Petitioner did not, however, obtain an issuance of summons against his wife and did not attempt to serve her with process." Id. at 607 and 616–18. All of these holdings emphasize the requirement of valid service of process in order for a court to enter a valid decree of divorce.

In any event, the two holdings of Williams I are not met in this case. First, Guam has chosen its method for the exercise of jurisdiction over non-resident defendants, even in divorce actions, through its adoption of California's long-arm statute. Second, as previously discussed in this opinion, it is apparent that the Defendant is a non-resident (foreign) defendant who has not been properly served, thus posing a constitutional due process barrier to the exercise of personal jurisdiction. *See* Williams I, 217 U.S. at 299; and Burnham, 495 U.S. at 607.

In In re Marriage of Malak, 182 Cal.App.3d 1018 (Cal. App. 3d Dist. 1986), the California Court of Appeals determined whether California could exercise personal jurisdiction over the husband, who was a foreign non-resident defendant in a divorce action. The court found that it was required to determine whether due process requirements would be met in an assertion of jurisdiction. Id. at 1023. The court found that the amended petition for dissolution of marriage, "summons, and a motion for orders pended lite were duly served on husband." Id.

at 1022. However, the court found that it was required to find minimum contacts to ensure that "the imposition of jurisdiction should be both constitutionally justified and 'fair.'" Id. at 1024. On this basis, the court quashed the service on the defendant for all purposes of the action, except for the issue of child custody. Id.

Under the reasoning of this case, it appears that California courts refuse to exercise long-arm jurisdiction over residents of foreign countries, for the purposes of dissolution of marriage, unless minimum contacts are established. 7 GCA § 14109, Guam's long-arm statute, was adopted directly from California's long-arm statute, codified as California Code of Civil Procedure § 410.10. The Supreme Court of Guam has specifically adopted the minimum contacts test regarding personal jurisdiction over non-resident defendants in Guam under 7 GCA § 14109, finding, "the Due Process Clause requires a defendant to have 'certain minimum contacts with [the forum] such that *the maintenance* of the suit does not offend traditional notions of fair play and substantial justice.'" Mariano v. Surla, 2010 Guam 2 ¶ 23 (quoting PCI Commc'ns, Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17 ¶ 17)(internal citations omitted))(emphasis added). Accordingly, Guam has chosen its method of exercising jurisdiction over non-resident defendants, even in a divorce action, through its adoption of California's long-arm statute, and it requires minimum contacts with Guam.

In Saysavanh v. Saysavanh, 145 P.3d 1166 (Utah App. 2006), Husband filed an amended petition for divorce in Utah seeking dissolution of marriage from Wife, who lived in Mexico. Id. at 1167. Approximately one week later, Husband filed a motion for alternative service pursuant to Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure. Id. Like the Guam Rules of Civil Procedure, the Utah Rules of Civil Procedure were directly derived from the Federal Rules of Civil Procedure. The trial court granted the motion for alternative service, and

the next month, the court clerk mailed an Amended Verified Petition for Divorce, a summons, a Motion for Order to Show Cause, and an Order to Show Cause to Wife in Mexico, requesting a return receipt. Id. at 1167–68. The receipt was later returned to the court clerk unsigned and without any other indication that the documents had been delivered to Wife. Id. Wife did not appear at the hearing to show cause. Id. Despite Wife's absence, the trial court granted Husband's motion for order to show cause, and subsequently entered a default decree of divorce. Id. Upon becoming aware of the default divorce decree, Wife immediately obtained counsel in Utah and filed a motion to set aside the default decree of divorce pursuant to Rule 60(b) on the basis of lack of personal jurisdiction. Id. The trial court denied the motion to set aside the default decree and held that Husband "made every effort possible to apprise [Wife] of the divorce proceedings, including strict compliance with Rule 4(d)(3)(B)(iii) of the Utah Rules of Civil Procedure." Id.

The Court of Appeals of Utah reversed the trial court's decision, finding that where the rules set forth a particular manner of effecting international service, that manner of service is controlling and strict compliance is required, stating:

> Rule 4 of the Utah Rules of Civil Procedure governs service of process, and subsection 4(d)(3) specifically governs service of process in a foreign country. See Utah R. Civ. P. 4(d)(3). In order to determine which part of subsection 4(d)(3) is applicable, we first assess whether there is an internationally agreed means of service in Mexico, "such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Utah R. Civ. P. 4(d)(3)(A). If there exists an internationally agreed means of service between the countries, rule 4(d)(3)(A) is applicable. See id. If there is no internationally agreed means of service, rule 4(d)(3)(B) is applicable. See Utah R. Civ. P 4(d)(3)(B).

Id.

Finding that Husband had served Wife under Rule 4(d)(3)(B), instead of Rule 4(d)(3)(A), the appellate court held that the default decree of divorce was improperly entered

against Wife: "Husband has failed to properly serve Wife according to rule 4(d) of the Utah Rules of Civil Procedure and the Hague Service Convention. As a result, service of process was not properly effectuated and the trial court lacks personal jurisdiction. We therefore reverse the trial court's denial of Wife's motion to set aside the default decree of divorce." Id. at 1169.

Similarly, in Ward v. Ludwig, 778 N.E.2d 650 (Ohio Ct. App. 2002), following the entry of a default decree of divorce, Wife, a German citizen, entered an appearance for limited purpose of contesting the trial court's jurisdiction and petitioning to vacate the judgment. Id. at 651. The trial court denied the petition. Id. The Ohio Court of Appeals overturned the trial court, holding that the decree of divorce was void for lack of service. Id. at 652–53. The appellate court found that Husband, who filed the action while Wife was living in Germany, was required to comply with the provisions of the Hague Service Convention, which was adopted by Germany, and even though Wife had received actual notice of the complaint and related papers, it was error for the trial court to allow alternative service by registered mail. Id.

The point of these cases is clear. In order for the trial court to enter a valid and binding decree of divorce against a resident of a foreign nation, service must be validly made in that country under the proper rule of procedure, and any applicable international service provisions. Service which does not comply with a specifically applicable foreign service provision is invalid, and no judgment may be entered thereon. Moreover, service of summons will not issue, or should be quashed, if the Plaintiff does not demonstrate that the foreign resident defendant has a sufficient a connection to the forum in which the Plaintiff seeks the summons. In re Marriage of Malak, 182 Cal.App.3d 1018, 1024 (Cal. App. 3d Dist. 1986).

The Plaintiff's verified complaint and affidavit demonstrate no compliance with any of these provisions, and further, fail to provide enough information for the Court to determine

which specific service provisions are applicable to the Defendant. Accordingly, the orders of the Court permitting service by publication or any other means of substituted service are VACATED and default judgment is DENIED.

### 4) Notions of Fair Play and the Interests of Justice in the Absence of Explicit Consent

The Court acknowledges that the first sentence of 19 GCA § 8318(a) seems to indicate that the Court is empowered to grant a decree of divorce when only one party is a resident of Guam, as permitted in Williams I. However, the language of this statute is *permissive*. The sentence states: "[a] divorce or dissolution of marriage *may* be granted if one (1) of the parties has been a resident of Guam for at least ninety (90) days immediately preceding the filing of a complaint for divorce, or dissolution of marriage." 19 GCA § 8318(a) (emphasis added). Under the statutory construction provisions of the Guam Code, the word "[s]hall is mandatory and may is permissive." 1 GCA § 724(9) (2012). The Court is not *required* to grant a divorce merely because one party has met the residency requirements of this first statute. The Court may do so, in its discretion, however, in order to allow the Court to exercise its discretion, the Plaintiff must meet all of the requirements of this Chapter, including: pleading and proving the residency of the Defendant, so that the Court may make the most informed decision regarding the entire action; proof of proper service of process; satisfactory proof of a constitutional basis for personal jurisdiction; and satisfactory proof that Guam is the best forum for the action. This idea is later emphasized in 19 GCA § 8320, which states in relevant portion: "[i]n the event of *uncontested, consent or default divorce actions*, the court *may* grant a divorce based upon the verified complaint of the Plaintiff or Petitioner *if it appears to be in the interests of justice*." 19 GCA § 8320 (emphases added).

Most significantly, the first sentence of 19 GCA § 8318(a) cannot be read in isolation. When read in conjunction with 19 GCA §§ 8318(b) and 8319, it appears that a divorce should be granted when only one party is a resident of Guam AND the other party consents and submits themselves to the jurisdiction of the Superior Court. When considered in light of the mandates of the United States Constitution and the Organic Act of Guam that the Superior Court of Guam cannot exercise jurisdiction over a non-resident defendant in the absence of consent, it is apparent that the other manner in which the Superior Court may exercise jurisdiction over a divorce action when only one party is a resident of Guam is when the non-resident defendant is validly served with process.

The Court is not making the finding that a divorce can never be granted when only one party is a resident of Guam, but rather, is making the finding that under Guam's long-arm statute, when only one party is a resident of Guam, in order to grant the dissolution of the marriage, either: 1) the non-resident Defendant must consent to the jurisdiction of the Superior Court of Guam; or 2) the Court should be able to find minimum contacts with Guam in order to abide by the Constitution and the Organic Act, so as not to violate the interests of justice. Above all, the Court must have proper proof of service of process or a validly executed waiver of service in order to exercise its jurisdiction over the Defendant.

In this case, as plead, the Court finds none of the hallmarks of the notions of fair play, and finds nothing to show that the grant of this divorce would be in the interests of justice. This appears to be a divorce by surprise against a non-resident Defendant (perhaps a resident of a foreign country) with no ties to Guam, who has not been properly served, nor received actual notice of the proceedings. The method of service already attempted by the Plaintiff does not conform to the proper methods of effecting international service, in that it appears that the

Defendant is most likely a resident of the Philippines, and personal service under GRCP Rule 4(f) has never been attempted.

The Court finds that even if Guam law permits the Superior Court of Guam to divide the action for divorce and enter a decree divorcing the parties based on the residence of one of the parties, the holdings of Williams I and Nicastro require that the Court must have proof that its exercise of personal jurisdiction over the Defendant does not violate the due process clause, in the form of proof of proper service. Williams I, 317 U.S. at 299; *see also* Rule 4(f) and 4(l); and Nicastro, 131 S. Ct. at 2787 and 2789–90. The Court is not apprised of the Defendant's current residency, such that the complaint is in violation of statutory requirements, the Local Rules of the Superior Court, and the service requirements of GRCP Rule 4. Because the complaint is silent regarding the Defendant's residency, the Court is unable to determine: 1) whether service under the laws of Guam and the United States, including 7 GCA § 14106, is applicable to the Defendant; and 2) whether Guam is an appropriate forum for this action.

There appears to be no reason that the Plaintiff cannot comply with the pleading provisions of 19 GCA § 8319(a), and inform the Court of the Defendant's current residence. If the Defendant is a resident of the Philippines, then it appears that service can only be made in accordance with GRCP Rule 4(f)(2) or (3), and Plaintiff's request for service through 7 GCA § 14106 is inapplicable. Without any plain allegations as to the residency of the Defendant, other than those allegations which indicate that the Defendant is a resident of a foreign nation, the Plaintiff has failed to convince the Court that justice will be served by any attempt to exercise jurisdiction over the Defendant at this time, and the Verified Complaint for Divorce is DISMISSED WITH LEAVE TO AMEND.

<u>5) No Jurisdiction to Divide Alleged Property or Debts of the Parties</u>

As a final jurisdictional consideration, the Court notes that the Plaintiff has asked the Court to award him real property "located at Block 9, Lot. 22 Palo-Alto Highland 1 Calamba Laguna, Philippines." Mansor, Verified Complaint for Divorce, p. 2, ¶ VI(B)(4)(filed February 19, 2010). The general rule set forth by the United States Supreme Court is that a divorce court in one state does not have the power directly to affect, by means of a decree, the title to real property situated outside of that state. Fall v. Eastin, 215 U.S. 1, 11 (1909). "[W]hen the subject matter of a suit in a court of equity is within another state or country, but the parties within the jurisdiction of the court, the suit may be maintained and remedies granted which may directly affect and operate upon the person of the defendant, and not upon the subject-matter, . . . ." The Plaintiff fails to cite the Court to any authority permitting this Court to adjudicate this issue. Even if the Philippines were to recognize such a judgment, the Court fails to see how it could possibly exercise *in rem* subject matter jurisdiction over the title to real property (or even personal property) which is physically located in the Philippines, and which was apparently obtained by Philippine citizens while those citizens resided in the Philippines. *See e.g.,* Van Dorn v. Romillo, Jr., 223 Phil. 357, 362 (1985)(owing to the nationality principle embodied in Article 15 of the Philipine Civil Code, Philippine nationals are subject to the policy against divorces, the same being considered contrary to the Philippine concept of public policy and morality; only aliens may obtain divorces abroad, provided they are valid according to their national law); and Garcia v. Recio, 418 Phil. 723, 723-735 (2001); *see also e.g.,* the Uniform Foreign Country Money–Judgments Recognition Act, §§ 1(a), 4(a)(2), 4(a)(3), and 11, as approved by the National Conference of Commissioners on Uniform State Laws and the American Bar Association, in 1962.

Under the holding in Eastin, a divorce court in one state may indirectly affect real property in an extra-territorial location, but only by means of an *in personam* decree operating upon a party over whom the court has personal jurisdiction. Id.

> [The full faith and credit clause] does not extend the jurisdiction of the courts of one state to property situated in another, but only makes the judgment rendered conclusive on the merits of the claim or subject-matter of the suit. 'It does not carry with it into another state the efficacy of a judgment upon property or persons, to be enforced by execution. To give it the force of a judgment in another state, it must be made a judgment there; and can only be executed in the latter as its laws may permit.'

Id., at 12 (quoting M'Elmoyle v. Cohen, 13 Pet. 312, 10 L. ed. 177.)

Currently, there are no allegations that give rise to personal jurisdiction of this Court over the Defendant, and accordingly, the Court cannot exercise jurisdiction, even indirectly, over the alleged real and personal property of the Plaintiff and Defendant in the Philippines.

## B) Child Custody Jurisdictional Issues

### 1) Defective Factual Allegations

The Uniform Child Custody and Jurisdiction Enforcement Act (hereinafter UCCJEA) was adopted in Guam as Title 7, Chapter 39 of the Guam Code Annotated. 7 GCA § 39201 provides four bases for jurisdiction (1) "home" jurisdiction; (2) "significant connection" jurisdiction; (3) emergency jurisdiction; and (4) default jurisdiction. Under 7 GCA § 39201(a) the Superior Court of Guam has jurisdiction over an initial child-custody determination only if:

> (1) Guam is the home State of the child on the date of the commencement of the proceeding, or was the home State of the child within six (6) months before the commencement of the proceeding and the child is absent from Guam but a parent or person acting as a parent continues to live in Guam;
> (2) a court of another State does not have jurisdiction under paragraph (1), or a court of the home State of the child has declined to exercise jurisdiction on the ground that Guam is the more appropriate forum under Section 207 or 208 and:

(A) the child and the child's parents, or the child and at least one (1) parent or a person acting as a parent have a significant connection with Guam other than mere physical presence; and

(B) substantial evidence is available in Guam concerning the child's care, protection, training, and personal relationships;

(3) all courts having jurisdiction under paragraph (1) or (2) have declined to exercise jurisdiction on the ground that the Superior Court of Guam is the more appropriate forum to determine the custody of the child under Section 201 or 208; or

(4) no court of any other State would have jurisdiction under the criteria specified in paragraph (1), (2), or (3).

7 GCA § 39201(a) (2012).

In this case, the Plaintiff has not even alleged that Guam is or was the "home state" of the minor child, J.M. (DOB: 8/22/1998), on the date of the filing of this proceeding or any other date, in the Verified Complaint for Divorce. Plaintiff further fails to allege the facts which would allow the Court to make such a determination, i.e., that the child has resided in Guam for the past six months, and that another state or foreign country does not have jurisdiction over the children, as contemplated by the statute.

The Plaintiff's Verified Complaint for Divorce is conspicuously and defectively silent in other regards as well. Under 7 GCA § 39209(a), certain information regarding the residence of the child is required to be set forth, under oath, in the initial complaint or in an affidavit/declaration which is attached to the complaint. In addition to other required factual information concerning any other possible pending child-custody proceedings, this statute requires that the Plaintiff provide the Court with both a list of all the places in which the child has resided during the five years prior to the filing of the complaint, and the name and present address of any person with whom the child has resided during those five years, stating in relevant part:

Information to be Submitted to Court. (a) Subject to any existing law of Guam providing for the confidentiality of procedures, addresses, and other identifying

information, in a child custody proceeding, *each party, in its first pleading or in an attached affidavit, shall give information, if reasonably ascertainable, under oath as to the child's present address or whereabouts*, the places where the child has lived during the last five (5) years, and the names and present addresses of the persons with whom the child has lived during that period.

7 GCA § 39209(a) (2012) (emphasis added).

The Plaintiff has failed to provide any of this information to the Court, as required by statute. Pursuant to subsection (b) of the statute, "[i]f the information required by Subsection (a) is not furnished, the court, upon motion of a party or its own motion, may stay the proceeding until the information is furnished." 7 GCA § 39209(b).

2) Defective Method of Notice

Perhaps more important than the omission of this required information, under the UCCJEA, actual notice and an opportunity to be heard must be afforded to any person who may be affected by a child-custody determination under the act pursuant to 7 GCA § 39205(a). This statute states:

> Notice; Opportunity to Be Heard; Joinder. (a) Before a child custody determination is made under this Act, *notice and an opportunity to be heard in accordance with the standards of § 108 must be given to all persons entitled to notice* under the laws of Guam as in child custody proceedings between residents of Guam, any parent whose parental rights have not been previously terminated, and any person having physical custody of the child.

7 GCA § 39205(a) (2012)(emphasis added).

7 GCA § 39108 is entitled "Notice to Persons Outside Guam." It states:

> (a) Notice required for the exercise of jurisdiction when a person is outside Guam may be given in a manner prescribed by the laws of Guam for service of process or by the laws of the State in which the service is made. *Notice must be given in a manner reasonably calculated to give actual notice but may be by publication if other means are not effective.* (b) Proof of service may be made in the manner prescribed by the laws of Guam or by the laws of the State in which the service is made.

7 GCA § 39108(a) and (b) (2012)(emphasis added).

The only exception to this designed notice requirement occurs when a party consents to the jurisdiction of the Superior Court, as under subsection (c); "[n]otice is not required for the exercise of jurisdiction with respect to a person who submits to the jurisdiction of the court." 7 GCA § 39108(c). There is no evidence that the Defendant has consented to the jurisdiction of the Court. Therefore, actual notice to her is required before the Court may make an initial child-custody determination.

Emphasizing this point of law, 7 GCA § 39106 clarifies that even if the Court finds that it has jurisdiction over the child and makes a child-custody determination, if service has not been effected on a party who is entitled to notice, the determination is not binding upon that party. It states:

> Effect of Child Custody Determination. A child custody determination made by a court of Guam that had jurisdiction under this Act binds all persons who have been served in accordance with the laws of Guam or notified in accordance with subsection 108 or who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard. As to those persons, the determination is conclusive as to all decided issues of law and fact, except to the extent the determination is modified.

7 GCA § 39106 (2012).

Consequently, so long as the Defendant has not been properly served in a manner designed to provide notice, any child-custody determination made by this Court is futile. Any such order will have no legal effect, as it appears from the complaint that there are no other parties interested in the custody of the child of this marriage.

As a final consideration for the Court, personal jurisdiction over the Defendant for the purposes of a child-custody determination under the UCCJEA does not constitute jurisdiction over the Defendant for another purpose, such as a divorce proceeding. 7 GCA § 39109 restricts this application, stating:

Appearance and Limited Immunity. (a) A party to a child custody proceeding, including a modification proceeding, or a petitioner or respondent in a proceeding to enforce or register a child custody determination, is not subject to personal jurisdiction in Guam for another proceeding or purpose solely by reason of having participated, or of having been physically present for the purpose of participating, in the proceeding.

7 GCA § 39109 (2012).

Accordingly, the Plaintiff is required under GRCP Rule 4 and 7 GCA §§ 39205, 39106, 39108 and 39109 to provide notice to the Defendant for both actions—divorce and child-custody, in a manner which is designed to give the Defendant actual notice of the proceedings. If the Defendant is a resident of the Philippines, then actual notice must follow the requirements of GRCP Rule 4(f), as no evidence that a waiver has been obtained from the Defendant has been provided by the Plaintiff.

## CONCLUSION

Based upon its review of the complaint, as part of the analysis of the request for an Order for Publication of Summons, the Court finds that the Plaintiff has failed to plead and prove the residency of the Defendant in any United States Jurisdiction, and fails to allege any means by which the Court could exercise jurisdiction over the Defendant in consideration of the notions of fair play and justice. The Plaintiff has failed to plead the residency of the Defendant in order for the Court to determine whether the Defendant is subject to service of process under 7 GCA § 14106, as permitted by Rule 4(e) and the laws of Guam, or whether the Defendant is a resident of a foreign country who must be served in accordance with Rule 4(f). Under the facts declared by the Plaintiff in his current complaint and other affidavits, the Defendant is most likely not a resident of a United States jurisdiction, and 7 GCA § 14106 is not applicable; rather, GRCP Rule 4(f) must be applied. Currently, the Plaintiff has plead and proved facts which highly suggest that the Defendant is only subject to service under Rule 4(f), thus negating service by publication and mailing under the laws of Guam, as permitted under Rule 4(e)(1),

and thus requiring that the motion requesting an Order for Publication of Summons be DENIED at this time.

Further, even if the Defendant is a resident of a United States jurisdiction, and 7 GCA § 14106 may therefore be applicable in lieu of personal service under Rule 4(e), the affidavit fails to show that the Plaintiff has attempted personal service at a known address of the Defendant, and the Defendant has "depart[ed]" from Guam, or that she has "conceal[ed]" herself to avoid personal service of the complaint as provided under GRCP Rule 4(e)(1) or (2), in order to meet the requirements of 7 GCA § 14106 for publication and mailing in lieu of personal service. Therefore, the Plaintiff's application for an order allowing service by publication is DENIED on this basis as well.

Consequently, as the Court has no allegations of residency and cannot determine proper service based thereon, the Verified Complaint for Divorce is also DISMISSED without prejudice, with LEAVE TO AMEND within thirty (30) days of the date of this order.

This dismissal is effected in order to allow the Plaintiff an opportunity to plead and prove some facts regarding residency and service which would allow this Court to make a finding that an exercise of personal jurisdiction over the Defendant would be proper. Plaintiff must plead and prove the residency of the Defendant as required under 19 GCA § 8319, CVR 10.1, and GRCP Rule 8(a), in order to allow the Court to determine what manner of service is applicable to the Defendant under GRCP Rule 4, and thereafter determine whether such service of process has been made. Otherwise, the Plaintiff must plead and prove facts regarding the explicit consent of the Defendant, the minimum contacts of the Defendant, or other facts sufficient for the Court to authorize alternative service and acquire long-arm jurisdiction over the Defendant such that it does not offend the notions of fair play and justice under 7 GCA § 14109, the Organic Act, and the United States Constitution.

Additionally, the separate, included action for an initial child-custody determination is DISMISSED without prejudice, with LEAVE TO AMEND within thirty (30) days from the date of this order, pursuant to 7 GCA § 39209(b), in order for the Plaintiff to properly allege

facts required pursuant to 7 GCA §§ 39201 and 39209 in a new pleading, or an acceptable declaration or affidavit, within thirty days, and to initiate proper service pursuant to 7 GCA §§ 39205 and 39108, and GRCP Rule 4(f), if GRCP Rule 4(f) is applicable.

As a final note, it appears that any judgment of divorce, even a decree merely setting forth the marital status of the parties as divorced, will not be recognized as valid in the Philippines if the Plaintiff and Defendant are Philippine nationals, as Philippine nationals are subject to the Philippines' moral prescription against divorce, and only citizens of other countries are entitled to have valid foreign judgments of divorce recognized in the Philippines. Van Dorn v. Romillo, Jr., 223 Phil. 357, 362 (1985); and Quita v. Court of Appeals, 300 SCRA 406 (1998)(once proven that respondent was no longer a Filipina citizen, she could validly obtain foreign divorce decree which would be recognized in the Philippines). Accordingly, although the Plaintiff may have established residence in Guam, he has not established his citizenship, whether in the United States or the Philippines, in order for the Court to determine the futility of his request for divorce, due to non-recognition. The Court hereby ORDERS that any amended complaint shall also set forth facts establishing both the Plaintiff's citizenship and the Defendant's citizenship for the purposes of this determination.

**IT IS SO ORDERED** this ___AUG 3 1 2012___ .

_____
HONORABLE ARTHUR R. BARCINAS
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

AUG 3 1 2012

Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam